USDC SCAN INDEX SHEET

LLS 4/30/99 11:08

3:99-CV-00890 HOWELL V. FERNEAU

*1*

*CMP.*

Joel M. Pressman, Esq., Bar #054355
John W. Millar, Esq., Bar #156804
KOLODNY & PRESSMAN, A.P.C.
11975 El Camino Real, Suite 201
San Diego, California 92130-2542
619-453-0309

Attorneys for Plaintiffs
Robert M. Howell, Wayne Young, Joseph Barnett, Sharron Barnett, Charles Macbeth and Michael Wickam

FILED
99 APR 30 AM 9:21
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROBERT M. HOWELL, an individual; WAYNE YOUNG, an individual; JOSEPH BARNETT, an individual; SHARRON BARNETT, an individual; CHARLES MACBETH, an individual; and MICHAEL WICKAM, an individual

Plaintiffs,

vs.

TOM FERNEAU, an individual; GEORGE LOOSCHEN, SR., an individual; GEORGE LOOSCHEN, JR., an individual; LOCATOR INTERNATIONAL, LTD., a Nebraska corporation; and Does 1 to 100, inclusive,

Defendants.

Case No. '99CV 0890 J LSP

**COMPLAINT FOR:**

1. **FRAUD - INTENTIONAL MISREPRESENTATION;**
2. **VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1710 - DECEIT;**
3. **BREACH OF FIDUCIARY DUTY;**
4. **CIVIL CONSPIRACY;**
5. **NEGLIGENT MISREPRESENTATION;**
6. **RESCISSION;**
7. **VIOLATIONS OF FEDERAL SECURITIES LAWS SECTIONS 10(b), 20(a) and 10(b)(5);**
8. **VIOLATION OF FEDERAL SECURITIES LAWS SECTION 12(a)(2) AND 15 OF THE SECURITIES ACT;**
9. **VIOLATION OF CALIFORNIA CORPORATIONS CODE, SECTIONS 25400 AND 25500;**
10. **VIOLATIONS OF CALIFORNIA CORPORATIONS CODE SECTIONS 25401 AND 25501;**
11. **VIOLATIONS OF THE CALIFORNIA CORPORATIONS CODE SECTIONS 25504 AND 25504.1;**
12. **INJUNCTIVE RELIEF; AND**
13. **DECLARATORY RELIEF**

**Plaintiffs Demand a Trial by Jury**

**INTRODUCTION AND OVERVIEW**

1. This is a dual action on behalf of all persons who purchased or otherwise acquired securities in a Nebraska corporation called Locator International, Ltd. ("Locator"), as well as an individual action for monetary damages and other relief by the named Plaintiffs who suffered damages being different in kind and amount than damages suffered by all other shareholders of Locator. The Defendants are Locator and its officers and directors. Locator is named as a Defendant in that it is a necessary party for the adjudication of the claims asserted on its behalf by Plaintiffs.

2. As more fully discussed below, Locator and certain of its promoters, principals, officers and agents made material false and/or misleading statements about background and expertise of its management, and committed fraud and deceit by failing to disclose the true business relationship Locator allegedly had with one Varitek Industries, Inc. ("Varitek"), or were grossly negligent in not doing due diligence research about Varitek. Defendants further made false and/or misleading statements about Locator's current and future ability to obtain financing to meet operational costs and growth projections, as well as other false and/or misleading statements described hereinbelow.

3. Plaintiffs are informed and believe, and based thereon allege, that the promoters, principals, officers and agents of Locator further failed to disclose that Defendant George Looschen, Jr. ("Looschen Jr.") was, and currently is, the subject of investor fraud actions facing SEC license revocation.

4. Plaintiffs are informed and believe, and based thereon allege, that the principals and officers of Locator further have engaged in fraud and self-dealing by distributing corporate assets and benefits to their salary from shareholders' contributions disproportionate to their expertise and performance and woefully beyond what Locator could afford, all to the depletion of capital of Locator causing shareholder's interests to diminish.

5. Plaintiffs are further informed and believe, and based thereon allege, that the conduct of the promoters, principals, officers, directors and agents of Locator, as described hereafter, resulted in the equity ownership of shareholders of Locator to be severely diluted.

6. Plaintiffs are further informed and believe, and based thereon allege, that certain officers, directors and agents of Locator have breached their fiduciary duty to its shareholders by pursuing private agendas for self-profit, all to the detriment of Locator shareholders. In particular, but not limited to, Looschen Jr., in his capacity as promoter and agent for Locator, breached his fiduciary duty to Locator and Locator shareholders by blatantly pursuing his self-interest using false and misleading representations which caused Locator shareholders to invest, and then Locator transferred certain funds offshore, seriously diluting the interest of shareholders, while lining the pockets of Defendants, and each of them.

**JURISDICTION/VENUE**

7. The claims asserted arise under the Securities Exchange Act of 1934 Section 20, 15 U.S.C. Section 78; SEC Rule 10b-5, and California statutory and common law. Jurisdiction is conferred by Section 22 of the Securities Act, 15 U.S.C. Section 77v, and Section 27 of the 1934 Act, 15 U.S.C. Section 78aa. In addition, jurisdiction is conferred on this Court under 28 U.S.C. Section 1332, as there is complete diversity of all Plaintiffs and all Defendants, and the amount in controversy exceeds $75,000.00. Venue is proper pursuant to Section 22 of the Securities Act and Section 27 of the 1934 Act, as well as the fact that the many of the tortious and other wrongful acts of Defendants complained of herein occurred in this judicial district.

**PARTIES**

8. Plaintiffs are all individuals who are, and at all relevant times were, residents of the County of San Diego, State of California. Each Plaintiff purchased private placement security interests in Locator, relying on false, oral and written statements of various persons to be identified, primarily Locator and its principals, officers, and agents, and were damaged thereby. The separate purchase transactions of the proposed Plaintiffs were as follows:

a. Robert Howell: Assigned certain contractual rights

b. Charles Macbeth: $50,000, June 1998

c. Joseph and Sharron Barnett: $25,000, June 1998

d. Wayne Young: $30,000, June 1998

e. Michael Wickam: $5,000, approximately June 1998

9. Plaintiffs are informed and believe, and based thereon allege, that the following Defendants (sometimes collectively referred to as "the Individual Locator Defendants") were promoters, officers and directors and/or agents, either actual, apparent, or ostensible of Locator:

a. Officers: George Looschen, Sr. and Tom Ferneau.

b. Board of Directors: George Looschen, Sr. and Tom Ferneau.

c. Promoter and Agent: George Looschen, Jr.

10. Plaintiffs are informed and believe, and based thereon allege that Defendant Looschen, Jr., at all relevant times, was a resident of the State of Arizona. Plaintiffs are further informed and believe, and thereon allege that he was a promoter, agent, and control person of Locator and made false representations to the Shareholders in order to induce said group to invest money into Locator. Further, Looschen Jr. engaged in conduct that sabotaged Locator's efforts to raise capital in order to promote his own personal profits.

11. Plaintiffs are informed and believe, and based thereon allege that Defendant Tom Ferneau ("Ferneau") at all relevant times was a resident of the State of Nebraska, and at all relevant times, Ferneau, as Locator's attorney, represented Locator in all legal affairs and prepared reports for inclusion in security offerings submitted by Locator.

12. Plaintiff is informed and believes, and based thereon alleges, that Defendant George Looschen, Sr. ("Looschen, Sr.") is and at all relevant times was, a resident of Nebraska.

13. Plaintiff is informed and believes, and based thereon alleges, that Defendant Locator International, Ltd. is, and at all relevant times herein mentioned was, a corporation duly organized and existing under the laws of the State of Nebraska, with its principal place of business in Lincoln, Nebraska, and is doing business in the County of San Diego, State of California.

14. Plaintiff is presently unaware of the true names and capacities of Defendants Does 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint when the true names and capacities of said Defendants are ascertained. Plaintiff is informed and believes, and on that basis alleges, that

each fictitiously-named Defendant has in some manner caused or committed the wrongful acts alleged in this Complaint.

15. Plaintiff is informed and believes, and on that basis alleges, that at all times material hereto, each defendant was the agent and/or employee of each of the remaining Defendants, and in committing the acts alleged in this Complaint, acted within the course and scope of such agency and/or employment.

## STATUTORY SAFE HARBOR

16. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false forward-looking statements pleaded in this Complaint because the statutory safe harbor does not apply to Locator's financial statements and because none of the particular oral forward-looking statements pleaded herein were identified as a "forward-looking statement" when made. None of the written forward-looking statements made were identified as forward-looking statements. Nor was it stated as to either type of forward-looking statement that actual results "could differ materially from those projected." Nor did meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements accompany those forward-looking statements. In any event, each of the forward-looking statements alleged herein was authorized by an executive officer of Locator, and was actually known by each of the Individual Locator Defendants to be false when made.

## FIRST CLAIM FOR RELIEF

(Fraud - Intentional Misrepresentation

As Against all Defendants)

17. Plaintiffs incorporate herein by reference as if set forth in full the allegations contained in Paragraphs 1 through 16, inclusive, above.

18. At all times relevant, the Defendants identified in Paragraph 9 above were promoters, officers and/or directors of Locator and were the agents and employees of Locator, and in doing the things herein alleged were acting within the cause and scope of such agency and employment and with the permission and consent of their co-defendants.

19. In or about June 1998, in San Diego, California, Looschen, Jr. and the other individual Defendants either directly or vicariously, made the following written and oral representations to Plaintiffs:

a. Locator had a binding five-year exclusive distribution Agreement with Varitek for the marketing and sales of Locator's Global Positioning System (GPS) alarm systems;

b. Locator had an agreement to merge with or otherwise be acquired by Varitek;

c. The Locator merger/acquisition with Varitek would occur within 90-120 days of June 1998;

d. The merger would be a one-for-one stock swap;

e. That the Varitek stock would be initially trading at $4.00-$6.00 per share;

f. That Looschen Jr. had invested significant dollars in Locator and had personally assumed substantial financial risk in Locator;

g. That the corporate ownership would be divided equally, 1/3 each, among Looschen, Jr., David Hunter and Robert Howell.

h. Plaintiffs are informed and believe and thereon allege that Defendants made other misrepresentations to Plaintiffs, and Plaintiffs amend this Complaint at such times as these additional misrepresentations have been ascertained; and

20. The representations made by Defendants were in fact false and when made, known to be false. The true facts were:

a. There was no distribution agreement with Varitek;

b. There was no agreement to merge with or otherwise be acquired by Varitek;

c. The Company had no realistic expectations to provide a one-for-one stock swap for investors;

d. Plaintiffs are informed and believe and thereon allege, Looschen Jr. had not invested significant funds in the Locator;

e. In actuality, Plaintiffs understand and believe, and thereon allege, Looschen, Sr. owns 55%; Robert Howell owns 31%; Bill Crago owns 7%; and Ferneau owns 7% of Locator.

f. In addition, Looschen Jr. failed to disclose that he was the subject of an *SEC investigation for an alleged fine and license revocation;*

21. When the Defendants identified in Paragraph 9 made these representations, they knew them to be false and made these representations with the intention to deceive and defraud Plaintiffs and to induce Plaintiffs to act in reliance on these representations in the manner hereafter alleged, or with the expectation that Plaintiffs would so act.

22. Plaintiffs, at the time these representations were made by Defendants and at the time Plaintiffs took the actions herein alleged, were ignorant of the falsity of Defendants' representations and believed them to be true. Plaintiffs' reliance on these representations was justified because Defendants presented themselves as experienced, responsible business persons and cloaked themselves with the indicia of veracity by accompanying the oral representations with a written memorandum/brochure which was presented as having been authenticated by attorneys.

23. As a proximate result of the fraudulent conduct of Defendants as herein alleged. Plaintiffs purchased units of stock from Locator, expending over $300,000.00 dollars. Plaintiffs have been damaged in an amount which exceeds $300,000.00 dollars, the true amount to be determined at the time of trial.

24. The aforementioned conduct of Defendants constitutes malice, fraud and/or oppression and was committed with the intention on the part of Defendants to deprive Plaintiffs of property or otherwise cause Plaintiffs injury, and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

25. Less than three years have elapsed from the time when Plaintiffs discovered or reasonably could have discovered the facts upon which this claim is based to the filing of this action.

## SECOND CLAIM FOR RELIEF

(Violation of California Civil Code, Sections 1709-10
As Against All Defendants)

26. Plaintiffs incorporate herein by reference as if set forth in full the allegations contained in paragraphs 1 through 25, inclusive, above.

27. For the purpose of inducing Plaintiffs to acquire Locator stock, and with the intent to deceive Plaintiffs, Defendants and each of them, employed a scheme and conspiracy to defraud. As set forth above, Defendants made, participated in the making of, or aided and abetted the making of misrepresentations of fact, suppressed the true facts, and omitted to state material facts. Said representations and statements were not true, and Defendants did not believe them to be true or had no reasonable ground for believing them to be true. Defendants' acts were fraudulent, oppressive and malicious.

28. Defendants' fraudulent scheme and course of conduct (a) deceived Plaintiffs regarding Locator's business and financial condition and (b) caused Plaintiffs to acquire Locator securities at prices which Plaintiffs did not know were inflated. Absent Defendants' fraud and deceit, Plaintiffs would not have purchased Locator securities.

29. Plaintiffs reasonably relied on the statements and omissions made or endorsed by Defendants, as set forth herein, were ignorant of the falsity of these statements, justifiably believed and relied on them to be true, and, as a result, suffered damages exceeding $300,000.00, the true amount to be shown according to proof at trial.

30. The aforementioned conduct of Defendants constitutes malice, fraud and/or oppression and was committed with the intention on the part of Defendants to deprive Plaintiffs of property or otherwise cause Plaintiffs injury, and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages in an amount to be shown according to proof at trial.

## THIRD CLAIM FOR RELIEF

(Breach of Fiduciary Duty

Against Defendants Looschen Jr., Looschen, Sr., and Ferneau)

31. Defendants incorporate herein by reference as if set forth in full the allegations contained in paragraphs 1 through 30 inclusive, above.

32. As promoters, officers, directors and agents of the Locator, Looschen, Sr., Looschen, Jr. and Ferneau occupied a fiduciary position within Locator, and owed the company, and its shareholders including Plaintiffs, the highest duty of trust and care and were obligated to act in the best interests of the company, and not in their own self interest.

33. Moreover, as general counsel to Locator, Ferneau occupied a fiduciary position with respect to the company, and owed the company, and its shareholders, the highest duty of trust and care, and was obligated to avoid all conflicts of interest, and to act in the best interests of the company, and not in his own self interest.

34. Plaintiffs are informed and believe, and on that basis allege, that Defendants, and each of them, breached their fiduciary duties and obligations to the Company by, among other things, committing those acts alleged hereinabove at paragraphs 2, 3, 4, 6, 19 and 27.

35. By reason of Defendants, and each of their breaches of fiduciary duty as alleged above, Locator and its shareholders have been damaged in an amount in excess of the jurisdiction of this Court, subject to proof at trial, but in any event in an amount exceeding $300,000.00.

36. Plaintiffs allege that the actions of Defendants as set forth above were deliberate, fraudulent, and malicious, for the purpose of harming Locator and its shareholders, and that the Plaintiffs are therefore entitled to additional damages, by way of example and to punish Defendants, in an amount subject to proof at trial.

## FOURTH CLAIM FOR RELIEF

(Civil Conspiracy as Against All Defendants)

37. Plaintiffs incorporate herein by reference as if set forth in full the allegations contained in Paragraphs 1 through 36 above.

38. Plaintiffs are informed and believe, and based thereon allege that Defendants and each of them, and possibly other Doe Defendants, conspired with and amongst themselves to conceal from the Plaintiffs and other company shareholders the true nature and intentions behind any represented Locator and Varitek business alliance and other critical personal, financial and business issues concerning Defendants, as described hereinabove. Plaintiffs are informed and believe, and based thereon allege that each of the Defendants knowingly and wilfully conspired, agreed among themselves, and committed overt fraudulent acts and breaches of fiduciary duty as described above, with full knowledge and intent to deceive and defraud Plaintiffs.

39. As a proximate result of the Defendants, and each of the conspiracy to defraud, the company and the shareholders have been damaged in an amount in excess of the jurisdiction of this court, subject to proof at trial, but in a minimum amount of $300,000.00.

40. The actions of Looschen, Jr., Looschen Sr. and Ferneau, and possibly Doe Defendants, as set forth above were deliberate, fraudulent and malicious, for the purpose of harming the company and its remaining shareholders, and the company and shareholders are therefore entitled to additional damages, by way of example and to punish Defendants, in an amount subject to proof at trial.

**FIFTH CLAIM FOR RELIEF**

(Negligent Misrepresentation

As Against All Defendants)

41. Plaintiffs incorporate herein by reference paragraphs 1 through 40, above, as if fully set forth, except those paragraphs alleging intentional or reckless conduct.

42. As discussed above, Defendants, and each of them, made numerous false representations and/or omissions to induce Plaintiffs to invest in purchasing stock in Locator. At the time Defendants made these false representations and/or omissions, Defendants had no reason to believe they were true.

43. Had Plaintiffs known the true facts, Plaintiffs would not have purchased securities in Locator. Plaintiffs justifiably relied on Defendants and each of their representations based on their professional status and relationship developed during the course of their negotiations,

as well as because Plaintiffs cloaked themselves with the indicia of veracity by accompanying oral representations with written documentation, the contents of which allegedly having been authenticated as true by attorneys.

44. As a proximate result of Defendants' negligent misrepresentations and/or omissions, Plaintiffs have suffered damages in excess of $300,000.00, the true amount to be shown according to proof at trial.

**SIXTH CLAIM FOR RELIEF**

(Rescission and Restitution Based On Fraud
and/or Mistake Against All Defendants)

45. Plaintiffs incorporate herein by reference as if set forth in full the allegations contained in paragraphs 1 through 44, inclusive, above.

46. By reason of the fraudulent and other wrongful actions of Defendants as set forth above, or conduct by Defendants which caused mutual and/or unilateral mistake of fact, Locator is required to rescind any actual or perceived assignment of rights in the GPS technology to Locator, and return said rights to Plaintiff Howell or any designated person or entity and the shareholders are entitled to a return of their investment capital, plus interest at 10%, all in amounts exceeding $300,000.00, the true amount to be shown according to proof at trial.

**SEVENTH CLAIM FOR RELIEF**

(Violation of Federal Securities Laws, Sections 10(b), 20(a) and Rule 10b-5
As Against All Defendants)

47. Plaintiffs incorporate by this reference paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Each Defendant: (a) knew the adverse, non-public information about Locator's then-existing, or non-existing business conditions and relationships, certain of which critical ones were not disclosed to Plaintiffs as hereinabove discussed; (b) participated in preparing and presenting the misleading statements about Locator to Plaintiffs; and, (c) were aware that there was no exclusive distribution agreement or any agreement between Locator and Varitek for the distribution of the GPS technology in or about June 1998, or at any time.

49. Defendants disseminated or approved the false statements specified above, which they knew were false, and contained misrepresentations, and Defendants also failed to disclose other material facts necessary in order to make statements Defendants made, in light of the circumstances under which they were made, not misleading.

50. Defendants, and each of them, violated Section 10(b) and Rule 10b-5 in that they:

a. Employed devices, schemes, and artifices to defraud;

b. Made untrue statements of material facts or omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; and/or

c. Engaged in acts, practices, and a course of business that operated as a fraud or deceit upon Plaintiffs and others similarly situated in connection with their purchases of Locator's common stock.

51. Plaintiffs have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for Locator stock. Plaintiffs would not have purchased or otherwise acquired Locator stock at the prices they paid, or at all, if they had been aware that the market price had been artificially inflated. The amount of Plaintiffs' damages exceed $300,000.00, the full amount of which will be proven at trial.

52. Locator controlled each of the Individual Corporation Defendants. The Individual Locator Corporation Defendants and, in particular, Ferneau and Looschen, Jr., by reason of their promotion of stock, stock ownership, management positions or membership on Locator's Board, were controlling persons of Locator and had the power and influence, and exercised the same, to cause it to engage in the illegal conduct complained of herein. These Defendants are thus liable under Section 20(a).

**EIGHTH CLAIM FOR RELIEF**

(Violation of Federal Securities Laws Sections 12(a)(2), and 15 of The Securities Act As Against All Defendants)

53. Plaintiffs incorporate herein by reference as if set forth in full the allegations contained in paragraphs 1 through 52, inclusive, above.

54. This claim is brought pursuant to Section 12(a)2) and Section 15 of the Securities Act, 15 U.S.C. Sections 771(a)(2) and 77o by Plaintiffs who acquired Locator common stock issued pursuant to an Offering in June 1998, against Defendants Locator, the Individual Locator Defendants, Looschen, Jr. and Ferneau.

55. The Defendants named in this claim were sellers, offerors and/or solicitors of sales of the shares offered and sold in connection with the June 1998 solicitation. At that time, Locator offered for sale the shares eventually acquired by Plaintiffs, as discussed above.

56. The actions of various solicitations committed by the Defendants named in this claim included participation in the preparation and dissemination of the false and misleading representations, omissions and solicitations discussed above. The written and oral communications made in connection with the sale of stock contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and failed to disclose other material facts about Defendants personally, and critical business and financial issues concerning Locator and its ability to market the subject GPS technology/alarm system.

57. Specifically, each Defendant named in this claim solicited and/or was a substantial factor in the acquisition of Locator common stock by these Plaintiffs. The Defendants named herein participated in the acts detailed herein as follows:

a. They actively and jointly drafted, revised, and approved the solicitations and other written materials by which Locator shares were offered to the shareholders, or which induced Plaintiffs to purchase Locator Shares. All of these written materials were "selling documents," calculated by these Defendants to create interest in Locator common stock and were distributed by Defendants for that purpose; and

b. These Defendants finalized the solicitation and caused it to become effective.

58. The Defendants named in this claim were obligated to make a reasonable and diligent investigation of the written and oral statements made in the solicitations, to insure that

such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading.

59. Plaintiffs acquired Locator shares issued pursuant to the defective and/or wrongful solicitation and these Plaintiffs did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions by Defendants contained in the written and oral solicitations.

60. By reason of the conduct alleged herein, these Defendants violated and/or controlled a person who violated, Section 12(a)(2) of the Securities Act. As a direct and proximate result of these violations of Section 12(a)(2), Plaintiffs sustained substantial damage in connection with the acquisition of Locator stock in excess of $300,000.00, the true amount to be shown according to proof at trial.

61. Less than three years has elapsed from the time that the securities upon which this claim is brought were sold to the public to the time of the filing of this action. Less than one year has elapsed from the time when Plaintiffs discovered or reasonably could have discovered the facts upon which this claim is based to the time of the filing of this action.

62. The individual Defendants named in this claim, by reason of their stock ownership, management position, and/or membership or representation on the Company's Board of Directors, were controlling persons of the Company and each other and had the power and influence, and exercised the same, to cause Locator to engage in the violations of law complained of herein. These Defendants are therefore also liable under Section 15 of the Securities Act.

63. Locator controlled each of the individual Defendants named in this claim and is liable for their acts pursuant to Section 15 of the Securities Act.

**NINTH CLAIM FOR RELIEF**

(Violation of California Corporations Code,

Sections 25400 and 25500 As Against Defendants)

64. Plaintiffs incorporate herein by reference as if set forth in full the allegations contained in paragraphs 1 through 63, inclusive, above.

65. Acting individually and pursuant to a scheme and conspiracy or aiding or abetting each other, Defendants, directly and indirectly, induced the purchase or acquisition of Locator securities by Plaintiffs by circulating or disseminating, in or from California, false oral and written information regarding Locator, in order to induce Plaintiffs to purchase Locator securities. Defendants' wrongdoing included the making of and participation in the making of untrue statements, which were intended to induce purchases of Locator securities by Plaintiffs and which were, at the time and in light of the circumstances under which they were made, false or misleading with respect to material facts, or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and which Defendants knew or had reasonable grounds to believe were false and misleading.

66. Plaintiffs purchased or otherwise acquired Locator securities because of Defendants' fraudulent scheme and sustained substantial damages as a result of Defendants' acts in excess of $300,000.00 the true amount to be shown at trial.

67. By reason of the foregoing, Defendants violated Section 25400 of the California Corporations Code, thereby entitling the recovery of all damages and other allowable relief pursuant to Section 25500.

**TENTH CLAIM FOR RELIEF**

(Violation of California Corporations Code,

Sections 25401 and 25501 As Against All Defendants)

68. Plaintiffs incorporate herein by reference as if set forth in full the allegations contained in paragraphs 1 through 67, inclusive, above.

69. The foregoing conduct by Defendant Locator, the Individual Locator Defendants, and Defendant George Looschen, Jr., violated California Corporations Code, Section 25401.

70. Defendants offered to sell, and did sell, Locator securities to Plaintiffs by means of written and oral communications which included untrue statements of material fact and which omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

71. Plaintiffs purchased or acquired Locator securities because of Defendants' misrepresentations and omissions and have been damaged thereby in excess of $300,000.00, the true amount to be shown according to proof at trial.

72. As a result of the foregoing violations of California Corporations Code § 25401, Plaintiffs are entitled to recover actual damages and/or to rescission and restitution from Defendants Locator and the Individual Locator Defendants pursuant to California Corporations Code, Section 25501.

73. Ferneau opined in various statements included in solicitations provided to the Plaintiffs. The Plaintiffs relied on these false statements. As a result of Locator's liability to Plaintiffs under California Corporations Code, Section 25501 in connection with this activity, Ferneau is jointly and severally liable with Locator under California Corporations Code, Section 25504.2.

**ELEVENTH CLAIM FOR RELIEF**

(Violation of California Corporations Code,

Sections 25504 & 25504.1 As Against All Defendants)

74. Plaintiffs incorporate herein by reference as if set forth in full the allegations contained in paragraphs 1 through 73, inclusive, above.

75. At all relevant times, the Individual Locator Defendants were promoters, principal executive officers, directors and/or control persons of Locator. Each of these Defendants materially assisted in the acts giving rise to the liability of Locator under California Corporations Code, Section 25501. Therefore, pursuant to California Corporations Code, Section 25504, each

of the Individual Locator Defendants is jointly and severally liable with Locator for its violation of Section 25501.

76. Each of these individual Defendants, with intent to deceive, materially assisted in the acts giving rise to the liability of Locator under California Corporations Code, Section 25401. Therefore, pursuant to California Corporations Code, Section 25504.1, each of the Individual Locator Defendants is jointly and severally liable with Locator for its violations of Section 25401.

## TWELFTH CLAIM FOR RELIEF

(Injunctive Relief and Damages

As Against All Defendants)

77. Plaintiffs hereby incorporate by this reference each and every allegation contained in paragraphs 1 through 76 of this Complaint.

78. In order to preserve Plaintiffs' valuable rights, it is necessary and appropriate that Defendants, and each of them, be restrained and enjoined from: (a) selling, distributing, and marketing any product related to the subject GPS system transferring, (b) assigning, hypothecating and related information, and otherwise competing and interfering with Plaintiffs' rights (especially Howell's) to such technology; and (c) spending, diverting or otherwise utilizing all monies invested in Locator by Plaintiffs and other shareholders of Locator.

79. Plaintiffs also seek a mandatory injunction requiring Defendants to (1) immediately fully account for and then place all funds received from solicitations of securities in Locator derived from Defendants' wrongful activities described above, and any such sums generated in the future, in a segregated, interest-bearing bank account, monitored by the Court, pending the resolution of this litigation and (2) to effectuate all documentation and cooperate in all such actions that are necessary to assign or otherwise transfer any and all rights, actual or perceived, which Locator may have or believes to have received by assignment or otherwise in the GPS alarm system technology that forms the subject of this action to Plaintiff Howell or to any designated person or entity ordered by this Court.

80. The remedies at law available to Plaintiffs are inadequate to fully protect and restore Plaintiffs' rights unless Defendants, and each of them, are so restrained and enjoined. Monetary damages alone cannot fully repair and restore the injuries Defendants have caused to Plaintiffs because of the (1) uniqueness of the GPS alarm system technology, and Plaintiffs' (particularly Howell's) rights related thereto (2) the relationships with potential marketers of the GPS alarm system technology which may continue to have been lost due to Defendants' conduct, and any cloud as to who possesses the right to market the subject GPS alarm system, and (3) because the amount of the initial monetary losses Plaintiffs have suffered, and will continue to suffer unless Defendants are so restrained, will severely and irreparably affect Plaintiffs', especially Howell's, ability to further attempt to market the GPS alarm system technology in a profitable manner.

## THIRTEENTH CLAIM FOR RELIEF

(Declaratory Relief

(Against All Defendants)

81. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 80 of this Complaint, as though fully set forth at this point.

82. An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties as to their respective positions in Locator and as to the rightful owner and/or marketer of the subject GPS system technology. Plaintiffs seek a judicial determination of their rights and a declaration that Locator possesses no right, title or interest whatsoever in the GPS system technology.

83. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights and duties in the matters described above.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For a temporary restraining order, preliminary injunction and/or permanent injunction prohibiting Defendants, and each of them, from (a) assigning, transferring, marketing, selling, distributing, advertising and otherwise promoting the GPS alarm system technology and

any related materials to any third parties, and (b) spending, diverting, or otherwise squandering any sum derived to date or in the future from such wrongful activities;

2. A mandatory injunction requiring (1) that Defendants fully account for and deposit all sums Defendants have derived to date or derive in the future from the advertising, marketing, and distribution of the GPS system technology or any related information in a segregated, interest-bearing bank account monitored by this Court; and (2) for Locator and the remaining Defendants to prepare and execute all necessary documents and to commit all acts necessary to assign, transfer and otherwise release any actual or perceived right, title or interest Locator or the other related Defendants may have in the subject GPS system technology which forms the subject to this litigation to Howell or to any person or entity designated and ordered by this Court;

3. For general, special and consequential damages in excess of $300,000.00 in an amount according to proof;

4. For disgorgement of any profits heretofore derived by Locator and the other Defendants' wrongful activities described above;

5. For punitive or exemplary damages, under Plaintiff's First, Second, Third, and Fourth Claims for Relief in an amount to be shown according to proof at trial;

6. Attorneys' fees and costs in an amount to be shown at trial;

7. For interest at the legal rate; and for

8. Such other relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury.

Dated: April 29, 1999

KOLODNY & PRESSMAN, A.P.C.

By: ______________________
Joel M. Pressman
John W. Millar
Attorneys for Plaintiffs

Howell, et al. vs. Ferneau, et al. USDC Case No. ____________

**VERIFICATION**

I, Robert M. Howell, declare under penalty of perjury that the following statements are true and correct:

I am one of the Plaintiffs in the foregoing action. I have read the foregoing

**COMPLAINT FOR: 1. FRAUD-INTENTIONAL MISREPRESENTATION; 2. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1710-DECEIT; 3. BREACH OF FIDUCIARY DUTY; 4. CIVIL CONSPIRACY; 5. NEGLIGENT MISREPRESENTATION; 6. RESCISSION; 7. VIOLATIONS OF FEDERAL SECURITIES LAWS SECTIONS 10(b), 20(a) and 10(b((5); 8. VIOLATION OF FEDERAL SECURITIES LAWS SECTION 12(a)(2) AND 15 OF THE SECURITIES ACT; 9. VIOLATION OF CALIFORNIA CORPORATIONS CODE, SECTIONS 25400 AND 25500; 10. VIOLATIONS OF CALIFORNIA CORPORATIONS CODE SECTIONS 25401 AND 25501; 11. VIOLATIONS OF THE CALIFORNIA CORPORATIONS CODE SECTIONS 25504 AND 25504.1; 12. INJUNCTIVE RELIEF; and 13. DECLARATORY RELIEF**

and know the contents thereof. The matters stated therein are true of my own knowledge except as to matters stated therein on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Diego, California, this 29th day of April, 1999.

[signature]

ROBERT M. HOWELL

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS** Robert M. Howell, an individual, Wayne Young, an individual; Joseph Barnett, an individual; Sharron Barnett, an individual Charles Macbeth, an individual; and Michael Wickam, an individual

**DEFENDANTS** Tom Ferneau, an individual; George Looschen, Sr., an individual; George Looschen, Jr., an individual; Locator International, Ltd., a Nebraska Corporation; and Does 1 to 100, inclusive,

FILED 99 APR 30 AM 9:21

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego

**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** **(IN U.S. PLAINTIFF CASES ONLY)**

BY: DEPUTY

**NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Joel M. Pressman, Esq.
Kolodny & Pressman, A.P.C.
11975 El Camino Real, Ste. 201
San Diego, CA 92130
(619) 453-0309

**ATTORNEYS (IF KNOWN)**

'99CV 0890 J LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).** Securities Exchange Act of 1934 Sec. 20, 15 U.S.C. Sec. 78; SEC Rule 10b-5; Securities Act, Sec. 22; 15 U.S.C. Sec. 77v; Securities Act, Sec. 27; 15 U.S.C., Sec. 78aa; 28 U.S.C., Sec. 1332. Violations of Federal laws in sales of securities.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ Marine
- ☐ Miller Act
- ☐ Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Electmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury-Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☒ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND** $300,000.00 Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE April 29, 1999

SIGNATURE OF ATTORNEY OF RECORD [signature]

#048677.B150

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney or record. If there are several attorneys list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8 (a), F.R.C.P. which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff if suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below.) (Federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of description, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to referance relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.